981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BROWNS LAKE RANCH, a partnership consisting of Paul McManis
and William Reeves; Mac Enterprises, Inc., a
California corporation; Derk Van
Konynenburg, Plaintiffs-Appellants,
v.
Clayton K. YEUTTER, Secretary of Agriculture, Defendant-Appellee.
 No. 91-16443.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1992.
Decided Dec. 28, 1992.
 
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants, who are "producers" of almonds within the meaning of the Almond Marketing Order ("the Order"), 7 C.F.R. §§ 981.1-981.474, challenged the imposition of a reserve on 35 percent of the almonds, which were grown in California and regulated under the Order, for the 1990-1991 crop year. They timely appeal the district court's decision to dismiss their action for lack of subject matter jurisdiction.
 
 
 3
 Appellants alleged that the district court had jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, 5 U.S.C. §§ 706(1) and (2), 28 U.S.C. §§ 1331 and 1343(a)(4), and the Fourth and Fifth Amendments to the United States Constitution. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 4
 We review a district court's determination of subject matter jurisdiction de novo. Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992); Pescosolido v. Block, 765 F.2d 827, 831 (9th Cir.1985). We affirm.
 
 
 5
 The Order was promulgated pursuant to the Agricultural Marketing Agreement Act of 1937 ("the Act"), 7 U.S.C. §§ 601-674. As a general rule, the Act precludes "anyone other than handlers" from obtaining judicial review of marketing orders. Pescosolido, 765 F.2d at 831 (citing Block v. Community Nutrition Inst., 467 U.S. 340, 348 (1984)); see also Wileman Bros. & Elliott, Inc. v. Giannini, 909 F.2d 332, 338 n. 11 (9th Cir.1990). Handlers may pursue judicial review only after they have exhausted the administrative remedies provided for in 7 U.S.C. § 608c(15)(A). See 7 U.S.C. § 608c(15)(B).
 
 
 6
 We have recognized an exception to this general rule, which was first articulated by the Supreme Court in Stark v. Wickard, 321 U.S. 288 (1944). "The Stark exception is limited to situations in which producers claim that some 'definite personal right' granted by [the Act] is being infringed by the Secretary [of Agriculture] acting outside the scope of his delegated authority, with no handler having standing to protest." Pescosolido, 765 F.2d at 832 (quoting Stark, 321 U.S. at 309); see also Giannini, 909 F.2d at 338 n. 11.
 
 
 7
 Appellants, however, may not invoke the Stark exception in this case. First, the Act does not grant an almond producer a "definite personal right" to sell and be paid for its entire almond crop. Second, the Secretary was not acting outside the scope of his delegated authority by imposing the reserve. The Act expressly states that the Secretary shall issue orders limiting the amount of almonds which may be marketed and establishing reserve pools if the issuance of such orders will tend to effectuate the declared policy of the Act. See 7 U.S.C. §§ 608c(4), 608c(6)(A) and (E). Finally, appellants' handler, Cal-Almond, Inc., has standing to protest imposition of the 35 percent reserve on the 1990-1991 crop. Indeed, appellants concede that Cal-Almond has filed an administrative petition challenging this reserve on statutory and constitutional grounds.
 
 
 8
 There is only one "other plausible exception for permitting judicial review of a producer challenge...." Pescosolido, 765 F.2d at 832 (citing Community Nutrition Inst., 467 U.S. at 352). "[I]f the producers and handlers interests are substantially dissimilar, the producers arguably might have a right to judicial review." Id. Appellants assert that "[t]here is simply no way that a handler, exhausting administrative remedies, can vindicate grower rights" because the administrative process is lengthy and handlers have a smaller financial interest in almond reserves than growers.
 
 
 9
 As we did in Pescosolido, we express doubt that an asserted difference in financial interests is the type of conflict that the Supreme Court contemplated in Community Nutrition Institute. See Pescosolido, 765 F.2d at 832-33. Appellants and Cal-Almond share the same objective: invalidation of the reserve imposed upon the 1990-1991 almond crop. If Cal-Almond's administrative challenge is successful, the marketing order will be set aside. Thus, if the Supreme Court created another exception to the general rule that judicial review of marketing orders is available only to handlers, it is inapplicable in this case.
 
 
 10
 We conclude that the district court lacked subject matter jurisdiction to entertain appellants' action. We therefore hold that the district court's dismissal is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3